WOOLSEY-STAHL HAY COMPANY, Respondent, v.
MISSOURI PACIFIC RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, June 26, 1905.**

COMMON CARRIERS: Act of God: Proximate Cause: Negligence.
This case is reversed on the authority of the case of Moffatt
Commission Co. v. same defendant, 113 Mo. App. 544.

Appeal from Jackson Circuit Court.—*Hon. S. C. Douglass*, Judge.

REVERSED.

*Elijah Robinson* for appellant.

(1) It being conceded that the property in question was destroyed by an act of God, the trial court should have directed a verdict for the defendant. 13 Am. & Eng. Ency. Law (2 Ed.), 721, and cases there cited; 4 Elliott on Railroads, sec. 1455; Froward v. Pittard, 1 T. R. 27; Wallace v. Clayton, 42 Ga. 443; Norris v. Railway, 23 Fla. 182; Clark v. Railway, 39 Mo. 184; Ballentine v. Railroad, 40 Mo. 491; Davis v. Railroad, 89 Mo. 340.

*L. C. True* for respondent.

(1) "When the negligence of the carrier and the act of God concur in doing damages, the carrier is liable." Wolf v. Express Co. 43 Mo. 242, 97 Am. Dec. 406, and notes 408-411; Levering v. Ins. Co., 42 Mo. 89; Ketchem v. Express Co., 52 Mo. 390; Faulkner v. Railway, 51 Mo. 311; Read v. Railway, 60 Mo. 199; Pruitt v. Railway, 62 Mo. 527; Davis v. Railway, 89 Mo. 340, 15 S. W. 329; Michaels v. Railway, 86 Am. Dec. 415, and notes, 426; Reed v. Spaulding (N. Y.), 86 Am. Dec. 426, and notes, 433.

ELLISON, J.—This is an action of damages for the loss of a carload of hay. The plaintiff recovered judgment in the trial court.

The hay had been shipped over defendant's road to Kansas City, Mo., and reached its yard on May 25, 1903, and was placed on a track to be unloaded. On the next day plaintiff requested defendant to place it on a different track for the purpose of unloading. There was delay in doing this until the 30th, when the hay was destroyed by the great flood of 1903. Defendant attempts to explain the delay but we will assume with the plaintiff that it was a negligent delay. Assuming there was negligence, the defendant contends that it was not the proximate cause of the injury. That the proximate cause was the act of God with which defendant's negligence had no legal connection. The point has been decided in defendant's favor in the case of Moffat Commission Company v. Railway, (decided this term). We refer to that case and the opinion of Judge GOODE in Grier v. Railroad, 108 Mo. App. 565, for a discussion of the reasons governing the disposition of this.

The judgment will be reversed. All concur.